UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-cv-143

| | |
|---|---|
| ANTONIO WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT and DEMAND |
| | ) FOR JURY TRIAL |
| SEA BAR, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Plaintiff Antonio Walker ("Plaintiff" or "Walker"), by and through counsel, brings this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, against Defendant Sea Bar, LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's Title VII discrimination claim arises out of Defendant's conduct, which created a hostile work environment based on sex by subjecting Plaintiff to sexual harassment.

2. Plaintiff's Title VII retaliation claim arises out of Defendant's termination of his employment because he opposed Defendant's hostile work environment and sexual harassment.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over claims brought for violations of Title VII.

4. This Court has personal jurisdiction because Defendant conducts substantial business in Mecklenburg County, North Carolina, which is located within this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged herein occurred in Mecklenburg County, North Carolina, which is located within this judicial district.

## PARTIES

6. Walker is an adult individual who resides in Charlotte, North Carolina.

7. Defendant is a domestic Limited Liability Company registered and in good standing in the State of North Carolina, with its principal place of business located at 301 S. McDowell St., Suite 125, #1125, Charlotte, NC 28204.

## COVERAGE ALLEGATIONS

8. Defendant is an "employer" as within the meaning of 42 U.S.C. § 2000e(b).

9. At all relevant times, Plaintiff was an "employee" covered by the protections of Title VII within the meaning of 42 U.S.C. § 2000e(f).

10. At all relevant times, Defendant employed at least fifteen (15) employees.

11. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination by subjecting Plaintiff to a sexually hostile work environment and retaliation for opposing practices prohibited by Title VII. Plaintiff received his Notice of Right to Sue from the EEOC on December 14, 2022 and timely brings this lawsuit within ninety (90) days of his receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant is a restaurant ownership group that owns and operates several prominent restaurants in Charlotte, North Carolina, including Sea Level NC, Ace Burger No. 3, and the Waterman Fish Bar.

13. Walker began his employment with Defendant as a Dishwasher on or about September 2, 2018. Over the past four years, Defendant employed Walker at Sea Level NC and Ace Burger No. 3. At the time of his termination, Defendant employed Walker as the Kitchen Manager/Lead at Sea Level NC.

14. At all relevant times, CP regularly met or exceeded R's legitimate employment expectations, as evidenced by positive performance reviews, multiple promotions, and no disciplinary actions before his termination.

15. In or about April 2021, R terminated another chef's employment from Sea Level NC. R filled the chef vacancy by transferring Hector Garcia ("Garcia") from the Waterman Fish Bar to Sea Level NC.

16. Approximately one month after Garcia's transfer, he began inappropriately touching other male kitchen staff, including Walker. Examples of Garcia's inappropriate nonconsensual touching include: massaging an employee's shoulders and neck while asking for the employee to reciprocate, running his finger along an employee's spine, and lifting an employee off the ground while asking to "crack their back." Garcia also provided male employees with unsolicited advice about how to wipe their buttocks after using the restroom.

17. Garcia's inappropriate sexual comments and nonconsensual touching created a sexually hostile work environment for Walker and other male employees. On several occasions, male employees from the kitchen staff confided in Walker regarding Garcia's inappropriate

3

nonconsensual touching and comments and requested Walker complain to management on their behalf. Walker told the male employees they needed "to complain to [Defendant's Human Resources department.]" Each time, the male employees told Walker they could not complain about Garcia's inappropriate nonconsensual touching or comments because they feared that Defendant would retaliate against them for complaining.

18. After several male employees complained about Garcia's inappropriate nonconsensual touching or comments and experiencing the same done to him, Walker confronted Garcia about his conduct and told him multiple times to stop. However, Garcia continued to inappropriately touch Walker and other male employees.

19. On or about April 20, 2022, Walker requested Defendant remove him from the position of Kitchen Manager/Lead so Walker could avoid being scheduled at the same time as Garcia and to avoid Garcia's inappropriate nonconsensual touching and comments. Walker specifically requested to be transferred from the night shift to the day shift.

20. On or about April 27, 2022, Walker sent a text message to Mallory Rose ("Rose"), Defendant's Human Resources Representative, requesting a meeting with her so Walker could make a complaint. Rose telephoned Walker around 11:00 a.m. During the telephone call, Walker complained to Rose that Garcia was creating a sexually hostile work environment for Walker and other male employees. Rose asked Walker if there were any other employees she could speak with regarding Walker's complaint about Garcia's inappropriate sexual comments and nonconsensual touching. Walker told Rose she could speak with Rickie Chapman, Will (last name unknown), and Stan (last name unknown) ("Stan"). Shortly after the telephone call, Rose sent Walker a text message stating, "I'm sorry that's happening. I'm digging into all this. Will get back to you."

4

Case 3:23-cv-00143   Document 1   Filed 03/07/23   Page 4 of 7

21. At or about 9:51 p.m. on or about April 27, 2022, and after Walker complained to Rose, Jason Pastman ("Pastman"), Defendant's General Manager of Sea Level NC, sent a text message to Walker. Pastman's text message said, "After everything today, we think it would be best for you to take tomorrow off as well." Walker forwarded Pastman's text message to Rose.

22. At or about 5:25 p.m. on or about April 28, 2022, Pastman sent Walker another text message stating, "Please come in at noon tomorrow instead of 9 am. Thank you. Jason."

23. On or about April 29, 2022, Walker arrived at Sea Level NC at 12:00 p.m. Upon his arrival, Andrew Chapman, Defendant's Owner, directed Walker back outside and told Walker, "We're going to part ways with you." Andrew Chapman told Walker he spoke with the kitchen staff and the people Walker identified to Rose. Andrew Chapman said, "everyone's story is different than yours." Andrew Chapman told Walker, "You're telling a lie. How could you make these allegations against [Garcia], which is a lie?" Andrew Chapman then reiterated, "we're going to part ways with you."

24. Following Walker's termination, he spoke with Rickie Chapman and Stan. Walker asked if any of Defendant's employees, managers, or officers spoke with them about his complaint regarding Garcia's inappropriate nonconsensual touching and comments. Rickie Chapman told Walker that no one spoke with him about Walker's complaint. Stan also confirmed that no one spoke with him about Walker's complaint. Stan disclosed that he witnessed Defendant's managers and owners meeting shortly before Walker arrived at Sea Level NC on or about April 29, 2022.

## COUNT I:
**(Violation of Title VII – Discrimination)**

25. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

5

26. Defendant discriminated against Plaintiff in violation of Title VII by subjecting him to a hostile work environment based on sex and exposing him to sexual harassment.

27. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by Title VII.

28. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT II:
### (Violation of Title VII – Retaliation)

29. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

30. Defendant retaliated against Plaintiff in violation of Title VII by terminating his employment because he engaged in protected activity by complaining about activity prohibited by Title VII, namely Garcia's inappropriate nonconsensual touching and comments.

31. Defendant's actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's rights as protected by Title VII.

32. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A Declaration and finding by the Court that Defendant willfully violated the discrimination provision of Title VII by subjecting Plaintiff to a hostile work environment based on his sex and exposing him to sexual harassment;

b) A Declaration and finding by the Court that Defendant willfully violated the retaliation provision of Title VII by terminating Plaintiff's employment because of his opposition to sexual harassment at Defendant's workplace.

c) An Order awarding punitive and compensatory damages as well as front pay in lieu of reinstatement pursuant to Title VII.

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) An Order awarding pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 7, 2023

Respectfully Submitted,

s/ Ethan L. Slabosky
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com

*Attorneys for Plaintiff*